UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CRUZ, et al.,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>TOWNSQUARE MEDIA, INC, et al.,<br><br>　　　Defendants. | Case No. 25-cv-03902-WHO<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 40, 41, 42 |

Defendants Townsquare Media, Inc., Townsquare Interactive, LLC, and Tim Pirrone (collectively, "defendants") move to dismiss plaintiff Jonathan Cruz and Cruz Collaborative Architecture, LLC's (collectively, "plaintiffs") First Amended Complaint ("FAC") with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9(b). *See* Notice of Motion and Motion to Dismiss First Amended Complaint ("Mot.") [Dkt. No 40]. Plaintiffs initially did not file an opposition, which defendants noted in their October 13, 2025 reply. *See* Notice of Non-Opposition to Motion to Dismiss First Amended Complaint ("Repl.") [Dkt. No. 41]. However, plaintiffs responded on October 29, 2025—twenty (20) days past the deadline—indicating that their "brief delay" was "caused by an internal calendaring error" which they corrected "immediately . . . upon discover[y]." *See* Plaintiffs' Opposition to Defendants' Motion to Dismiss First Amended Complaint [Dkt. No. 42] at 2–3. They also claim that because a hearing on this motion was set for November 5, 2025, defendants "ha[d] ample opportunity to respond." *Id.* at 3.

I am quite troubled by plaintiffs' response. As explained below, this is not a one-off delay, but rather a pattern of repeated untimeliness and failure to respond to court orders. To be certain, I agree with plaintiffs that the Ninth Circuit strongly favors "resolution on the merits." *Id.* at 2. But the failure to "prosecute or to comply with [the Federal Rules] or a court order," especially on a

1  recurring basis, warrants dismissal. Fed. R. Civ. P. 41(b). Considering plaintiffs' behavior and
2  seeming lack of interest in adhering to the basic requirements set forth by this Court, I DISMISS
3  this action. I do so WITH PREJUDICE. My decision to dismiss with prejudice is bolstered by
4  my analysis of plaintiffs' First Amended Complaint (FAC): I find that it fails to successfully
5  address the deficiencies I pointed out before and does not state a claim on which relief could be
6  granted. That is an additional reason to dismiss with prejudice.

**LEGAL STANDARD**

**Rule 41(b)**

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action if the plaintiff "fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). When considering a motion to dismiss for violation of pretrial orders, courts weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (quoting *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (1986)). "These factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (internal quotations omitted)).

**Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts

2

1     sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

2         In deciding whether the plaintiff has stated a claim upon which relief can be granted, the
3     Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the
4     plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court
5     is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of
6     fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.
7     2008).

8         If the court dismisses the complaint, it "should grant leave to amend even if no request to
9     amend the pleading was made, unless it determines that the pleading could not possibly be cured
10    by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making
11    this determination, the court should consider factors such as "the presence or absence of undue
12    delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments,
13    undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport*
14    *Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**DISCUSSION**

### I.     Cruz's Untimely Opposition

This is the second lawsuit plaintiffs have filed against defendants; I dismissed the first without prejudice in August 2024 for failure to prosecute and then related that case to this one. *See* Order Requiring Response from Plaintiffs re Late Filed Amended Complaint ("Late Order") [Dkt. No. 27] at 1. After I related the cases, defendants filed a motion to dismiss plaintiffs' complaint. *See* Re-Notice of Motion to Dismiss [Dkt. No. 16]. Plaintiffs failed to file an opposition, and I admonished their untimeliness when granting defendants' motion on July 23, 2025. *See* Order Granting Motion to Dismiss [Dkt. No. 22] at 1–2. I granted leave to amend, however, giving plaintiffs twenty (20) days to file an amended complaint. *Id.* at 17.

On August 15, 2025, three days after their deadline to amend had passed, plaintiffs filed their FAC. *See* First Amended Complaint for Damages [Dkt. No. 26]. I subsequently ordered plaintiffs to submit a motion for leave to file the late-amended complaint, requiring them to explain (1) why the filing was late, and (2) why they should avoid dismissal for failure to

3

1 prosecute. *See* Late Order at 2.

2      On August 19, 2025, defendants filed a case management statement, indicating that they "reached out to Plaintiffs' counsel multiple times, over a period of several weeks in an attempt to meet and confer . . . but Plaintiffs' counsel did not respond." *See* Defendants' Case Management Statement ("Def. CMC") [Dkt. No. 28] at 1. Then, on August 25, 2025, plaintiffs filed their motion for leave to file the FAC. *See* Plaintiffs' Notice of Motion & Motion for Leave to Amend [Dkt. No. 30]. They explained that their delay was "caused by staffing transitions within Plaintiffs' counsel's office that temporarily disrupted calendaring and filing procedures." *Id.* at 4. That same day, plaintiffs filed their own case management statement, indicating that the staffing changes in their office were the reason for their unresponsiveness to defendants' case management statement. *See* Plaintiffs' Case Management [Dkt. No. 31].

      On August 26, 2025, I held a case management conference with the parties. *See* Civil Minute Entry for Proceedings ("Further CMC") [Dkt. No. 34]. There, I provided plaintiffs' counsel the choice of "either dismissing the case with prejudice or, on or before August 29, 2025, paying sanctions of $1,000.00 to defense counsel for the wasted time and effort it has taken to address [deficiencies in their FAC] <u>and</u> filing a proper redline (track change) version of the Amended Complaint he intends to pursue in this case." *Id.* (emphasis in original).

      Plaintiffs filed variations of their redlined FAC on August 29, 2025, September 2, 2025, and September 4, 2025. *See* Supplement First Amended Complaint for Damages Redlined as per Order [Dkt. Nos. 35, 36, 38]. However, on September 2, 2025, defendants notified the Court that plaintiffs failed to pay the required $1,000.00 sanction to defense counsel. *See* Notice of Non-Compliance with Court Order [Dkt. No. 37]. As a result, I issued an order on September 9, 2025, requiring plaintiffs to pay the $1,000.00 sanction "immediately if they have not already done so," as well as for defendants to file a response to the FAC within twenty (20) days of this order. *See* Order Regarding Cruz's Amended Complaint ("Sanctions Order") [Dkt. No. 39]. Defendants then filed this motion to dismiss. *See* Mot. at 1.

      Unfortunately, as described above, plaintiffs' failure again to respond to defendants' motion to dismiss is just the tip of the iceberg of a repeated pattern of untimeliness and ignoring

4

court orders. I have raised these concerns on multiple instances with plaintiffs' counsel and have indicated to them that "any further failures to comply with the rules of this Court, including with respect to timeliness, will likely result in further sanctions, up to and including dismissal." *See* Further CMC. These failures have resulted in "prejudice to the defendants," including increased litigation costs and unsuccessful attempts to communicate with plaintiffs. *See Malone*, 833 F.2d at 130; Def. CMC. They also inhibit my ability to manage the progression of this case, or to ensure the "public's interest in expeditious resolution of litigation," as the delays have prohibited me from reaching the merits of the case. *See Malone*, 833 F.2d at 130. Any "less drastic sanctions" would be futile here, as plaintiffs *still* have not complied with my previous $1,000.00 sanctions order, despite being reminded twice. *See id.*; Sanctions Order. While I do not take dismissal lightly, the *Malone* factors all suggest that this is the proper outcome under the circumstances.

## II. Merits of Cruz's Claims

Even if I were to focus this order on the merits of Cruz's opposition, dismissal would still be warranted, as Cruz has not corrected the issues raised in my prior motion to dismiss. *See* Order Granting Motion to Dismiss. I address each claim below.

### A. Breach of Contract (First Claim)

The standard elements plaintiffs must satisfy to prove breach of contract are "'(1) the contract, (2) plaintiff[s]' performance or excuse for nonperformance, (3) defendant[s]' breach, and (4) damage to plaintiff[s] therefrom.'" *Wall St. Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008).

In my previous order granting defendants' motion to dismiss, I noted that for plaintiffs' breach of contract claim to proceed, they "must set forth facts from which I can infer what contract provisions Townsquare Interactive allegedly breached and how it breached them." Order Granting Motion to Dismiss at 12. "Only then [could] I assess the plausibility claim." *Id.*

Plaintiffs largely failed to correct their prior complaint. They argue that the FAC "sets forth clear contractual obligations and specific facts demonstrating how Defendants breached them," but this still is not clear from the face of the amended complaint. Oppo. at 3. For example, plaintiffs point out that the FAC states the parties entered into a contract for Townsquare to

5

"deliver a customized, functional, secure, and professionally designed website incorporating Plaintiffs' specified content and revisions." FAC ¶ 9. The FAC then notes that the website was launched with "unresolved design and functionality issues," including the "failure to use high-resolution images provided by Plaintiffs; failure to implement functional navigational buttons; misaligned and unprofessional text layout; use of unauthorized terms exposing Plaintiffs to potential licensing liability; failure to provide administrative access; and negligent security measures leading to a site breach in January 2023." *Id.* ¶ 12.

While Cruz argued that he identified the "key terms of the contract . . . [and] describe[d] how specific provisions . . . were violated," I squarely rejected similar allegations in my prior order granting the motion to dismiss. Oppo. at 4; Order Granting Motion to Dismiss at 11–12. There, I noted that "nowhere in the Complaint do the plaintiffs explain *what* provisions of the Agreement these purported deficiencies violated," nor that the defendants "promised to perform their work to a certain degree of quality, or on a particular timeline, or with a particular level of involvement by the plaintiffs." *Id.* Here, Cruz's FAC makes the same fatal error— even when reading it liberally under Federal Rule of Civil Procedure 8(a), the FAC does not allege with enough specificity the terms of the Agreement and how defendants' conduct breached the contract,. *Iqbal*, 556 U.S. at 678. Cruz's breach of contract claim is DISMISSED.

**B. Breach of the Implied Covenant of Good Faith and Fair Dealing (Second Claim)**

"Under California law, every contract 'imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.'" *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010) (citation omitted). The covenant of good faith and fair dealing is violated by "a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (Cal. Ct. App. 1990); *see also id.* at 1393 ("[T]he 'implied covenant imposes upon each party the obligation to do everything that the contract presupposes they will do to accomplish its purpose.'") (internal citations omitted).

Although "breach of a specific provision of the contract is not a necessary prerequisite" to

state a claim, "the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." *Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 373 (Cal. 1992). That is, "the implied covenant of good faith and fair dealing 'cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.'" *Rosenfeld*, 732 F. Supp. 2d at 968 (citation omitted). At the same time, "if the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract [cause] of action, they may be disregarded as superfluous as no additional claim is actually stated." *Celador Int'l Ltd. v. Walt Disney Co.*, 347 F. Supp. 2d 846, 852 (C.D. Cal. 2004) (citation omitted). One exception to this limitation is "where the plaintiff alleges that the defendant acted in bad faith to frustrate the contract's benefits." *Id.*

As explained in my previous order:

> Plaintiffs' claims for breach of contract and for breach of the [implied] covenant of good faith for failure to complete the website as agreed "rise and fall together." *Travelers Prop. Cas. Co. of Am. v. Centex Homes*, No. 11-cv-03638-SC, 2012 WL 1657121, at *8 (N.D. Cal. May 10, 2012). And their allegation that the defendants "fail[ed] to act in good faith," Compl. ¶ 51, does not identify any acts by the defendants that constituted bad faith. It is too generalized to plausibly state a claim.

Order Granting Motion to Dismiss at 13. Here too must plaintiffs' claims for breach of contract and breach of the implied covenant of good faith "rise and fall together." *See id.* Plaintiffs allege that defendants breached the implied covenant of good faith and fair dealing by "prematurely launching the website, withholding administrative access, ceasing communication, and leveraging proprietary control of Plaintiffs' domain to frustrate Plaintiffs' rights under the Agreement." FAC ¶ 24. However, no facts are readily apparent in the FAC indicating that defendants "launch[ed] the website prematurely to force acceptance" or "with[held] administrative access . . . to frustrate Plaintiffs' rights." *Id.* Nor do the plaintiffs allege that the Agreement mandated that Townsquare "secure the plaintiffs' express permission before launching a product they had been contracted to provide." Order Granting Motion to Dismiss at 11.

The FAC, as currently pleaded, does not support any claim for a breach of contract or

1  breach of the implied covenant of good faith and fair dealing.  Plaintiffs' second claim is
2  DISMISSED.

### C. Fraudulent Deceit and Promissory Fraud (Third and Fourth Claims)

"The elements of fraud are (a) a misrepresentation (false representation, concealment, or nondisclosure); (b) scienter or knowledge of its falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Hinesley v. Oakshade Town Ctr.*, 135 Cal. App. 4th 289, 294 (2005).  Plaintiffs bringing fraud claims must meet the Rule 9(b) pleading requirements, which requires a showing of the "who, what, when, where, and how" of the fraudulent conduct.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

Plaintiffs' fraudulent deceit and promissory fraud claims arise from the same set of facts.  The FAC alleges that Townsquare made representations that they would provide Cruz with a website that "would be completed to professional standards, revisions would be implemented, and Plaintiffs would retain full administrative access."  FAC ¶ 27.  However, Townsquare "knew these representations were false when made, or they made the representations recklessly and without regard for the truth of the representations."  *Id.* ¶ 28.

In my prior order dismissing these claims, I noted that plaintiffs' fraud claims made "[c]onclusory allegations," and that they "utilize[d] the right key words, but the substance [was] missing."  Order Granting Motion to Dismiss at 14.  Cruz has failed to rectify this issue.  The FAC fraud claims do not identify how defendants breached the Agreement; nor does it explain how defendants "knew these representations were false when made."  FAC ¶ 28.  While plaintiffs include slightly more detail than the original complaint, the FAC does not provide the specificity that Rule 9(b) demands.  Accordingly, these claims are DISMISSED.

### D. Intentional Infliction of Emotional Distress (Claim Five)

The Supreme Court of California has held that "[t]he economic loss rule requires a [party] to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004) (citations omitted). The doctrine "is designed to maintain a distinction between damage remedies for breach of contract and for tort." *UMG*

8

1   *Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1103 (C.D. Cal. 2015).

2   In my previous order, I noted that plaintiffs' intentional infliction of emotional distress
3   ("IIED") claim should be dismissed because the plaintiffs "explicit[ly] repackag[ed]" a breach of
4   contract claim into a tort claim, in violation of the economic loss rule. Order Granting Motion to
5   Dismiss at 16–17. Plaintiffs now attempt to rehash their argument that the conduct underlying the
6   IIED claim constitutes "duties independent of contract," thus falling within a *Robinson Helicopter*
7   exception. *See id.* at 16; Oppo. at 6. But the conduct alleged in the FAC does not show such an
8   exception applies. Plaintiffs suggest that the FAC alleges defendants "ma[de] knowingly false
9   representations, manipulat[ed] domain access, and fail[ed] to exercise reasonable care in
10  safeguarding Plaintiffs' online property," which involve "obligations arising from professional
11  standards, not from the contract alone." Oppo. at 6. But plaintiffs fail to clearly articulate this
12  theory in their pleadings. Nor do they explain how the individual elements of the IIED claim are
13  satisfied in the FAC, as they merely recite that each element is met. *See* FAC ¶¶ 39–43.

14  Plaintiffs' IIED claim is DISMISSED.

15  **E. Slander of Title / Wrongful Lien (Claim Six)**

16  Finally, plaintiffs raise a new claim in their FAC for slander of title and wrongful lien. *See*
17  FAC ¶¶ 44–47. Confusingly, plaintiffs do not address this claim in their opposition; rather, they
18  argue that their "negligence" claim should not be dismissed, despite their FAC no longer including
19  such a claim. *See* Oppo. at 7–8. While I assume plaintiffs have forfeited their slander of title and
20  wrongful lien claims, I address them here briefly.

21  To prevail on a slander of title claim, a plaintiff must allege "(1) a publication, (2) which is
22  without privilege or justification, (3) which is false, and (4) which causes direct and immediate
23  pecuniary loss." *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051
24  (2009). Here, plaintiffs' FAC indicates that defendants "owed Plaintiffs a duty to perform the
25  website and SEO serves with reasonable care and in accordance with professional standards," and
26  that they breached this duty by "failing to use reasonable care in the design, construction, and
27  launch of Plaintiffs' website, and in handling Plaintiffs' domain and email systems." FAC ¶¶ 45–
28  46. But the FAC does not identify any publications made without privilege or justification. Nor is

any title involved in this case. It is unclear why, exactly, plaintiffs raised this claim in the first place. Because plaintiffs have failed to meet the Rule 8 pleading standard, Claim Six is DISMISSED.

## CONCLUSION

Considering plaintiffs' seeming disinterest in litigating this case or adhering to court orders, as well as their inability to cure the deficiencies identified in my previous order, I DISMISS this case WITH PREJUDICE. All upcoming deadlines and hearing dates are VACATED. Plaintiffs are ORDERED to pay the $1,000.00 sanction to defendants immediately.

**IT IS SO ORDERED.**

Dated: December 4, 2025

William H. Orrick
United States District Judge